STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **YAGMAN + REICHMANN, LLP**, Plaintiff, v. **BENJAMIN SCHONBRUN**, Defendants. | **COMPLAINT** (Damages for Breach of Contract, Fraud) **JURY DEMAND** |

## JURISDICTION AND VENUE

1. Plaintiff asserts diversity of citizenship claims as plaintiff and defendant are citizens of different states, plaintiff of California and defendant of New York, and therefore this court has jurisdiction pursuant to 28 U.S.C. § 1332, since the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Defendant did both general business and case-specific business in California, the matters that are the bases for this action occurred in Los Angeles County, California, and therefore venue lies in the United States District Court for

1

the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is **YAGMAN + REICHMANN, LLP** (hereinafter "Yagman" or "plaintiff") and defendant is **BENJAMIN SCHONBRUN** (hereinafter "Schonbrun" or "defendant").

## ALLEGATIONS COMMON TO EACH COUNT

4. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

5. In or about July, 2021, plaintiff and defendant entered into a written agreement, whose relevant terms are that:

6. "[Plaintiff] would provide legal representation to [defendant] in connection with the above-described event [arson at 723 Ocean Front Walk, Venice Beach], on whose opposite side it is believed would be Snap, Inc., Snapchat, Inc., and any related entities and/or persons, the insurer of the premises, and the City of Los Angeles."

7. "It is not yet known what the entire scope of that representation would be, but you have expressed an interest in the drafting, but not the filing, of a California, state court complaint, providing it to the proposed defendants, and then taking the matter into mediation, in which both [defendant] you and [plaintiff] would participate in representing [defendant herein]."

8. "The material, monetary terms of our proposed retention would be that you would provide a fifteen thousand dollar ($15,000.00), non-refundable, up-front fee, and that then we would proceed on a split hourly/contingency basis, under whose operation any potential, mediated settlement would include an un-discounted payment of [plaintiff's] recorded, hourly time/fees, at [plaintiff's] now-current hourly rate of one thousand dollars ($1,000.00), which may increase over

2

1  time; but if a mediated settlement were not reached, then you currently would pay,
2  on a monthly, periodic basis, my fees at that same rate. You will advance and pay
3  all costs."
4      9. "Additionally, if the matter is settled in mediation, all fees would be paid
5  from the settlement sum, at [plaintiff's] hourly rate, and if it is not settled in
6  mediation, we would attempt to enter into a new agreement, whose terms would be
7  agreed-upon at that time. If it is settled, all fees above the $15,000 would be paid
8  within 30 days of any settlement. If there is no settlement, and there is no new fee
9  agreement, then fees above the initial payment would be paid at the stated hourly
10 rate, within 30 days of the conclusion of services. Any disputes concerning this
11 representation would be resolved in California and under California law."
12     10. All defendant's representations as to payment of fees were false and
13 misleading, and known to be so at the time that they were made.
14     11. Defendant intended his representations to be false and misleading.
15     12. Defendant intended that plaintiff rely on all of defendant's
16 misrepresentations.
17     13. Plaintiff relied on all defendant's representations.
18     14. In reliance on all defendant's representations, plaintiff agreed to
19 represent and in fact did represent plaintiff.
20     15. Plaintiff was injured and damaged by defendant's misrepresentations, in
21 a sum of at least $75,000.00.
22     16.  Plaintiff was harmed both by its reliance on all of defendant's
23 misrepresentations and by plaintiff expending time and effort to perform legal
24 services for defendant, for which defendant did not intend to pay and which
25 defendant did not pay.
26 //
27 //
28 //

3

## COUNT 1

### (Breach of Contract)

16. The July 2021 agreement is a valid and binding contract between Plaintiff and Defendant.

17. Plaintiff performed all terms and conditions of the agreement that Plaintiff was required to perform, unless excused or prevented from such performance by Defendant's conduct.

18. Defendant breached his contractual obligations to Plaintiff under the agreement by failing to pay Plaintiff amounts due thereunder.

19. As a direct and proximate result of Defendant's breach of the agreement, Plaintiff has suffered damages totaling not less than $64, 646.58 as of May 1, 2023, including $63,250.00 in attorney fees and $1,396.58 in costs.

## COUNT TWO

### (Unjust Enrichment)

20. If the retainer agreement is not a valid and binding contract between Plaintiff and Defendant, Plaintiff is entitled to restitution from Defendant in lieu of breach-of-contract damages because Defendant received and unjustly retained benefits from Plaintiff, without paying Plaintiff for such benefits.

21. The benefits Plaintiff conferred on Defendant consist of the reasonable value of the legal services Plaintiff performed for Defendant and the costs Plaintiff reasonably incurred for Defendant pursuant to Defendant's express or implied direction and request. Plaintiff performed these services and incurred these costs with the reasonable understanding and expectation that Defendant timely would pay Plaintiff for such services and reimburse Plaintiff for such costs.

22. The amount of these benefits and costs is approximately $96,271.58.

//
//

## COUNT THREE

(Account Stated)

23. Within the last four years, an account was stated in writing between Plaintiff and Defendant, wherein it was agreed that Defendant was indebted to Plaintiff in the principal sum of $64,646.58.

24. Defendant never has effectively disputed his liability for the account stated.

25. No part of said sum has been paid, although demand therefor has been made, and there is now due, owing, and unpaid from Defendant to Plaintiff the principal sum of $64,646.58 as of May 1, 2023, together with interest at the rate of 10 percent per annum beginning as of April 23, 2022.

## COUNT FOUR

(Fraud)

26. By doing the things alleged hereinabove, Defendant committed fraud, both fraud in the factum and fraud in the treaty, by concealing correct information from Plaintiff and by making material misrepresentations that were false, Defendant intended Plaintiff to rely on those non-disclosures and misrepresentations, Plaintiff justifiably relied on them, Plaintiff was harmed and damaged by his reasonable reliance, and Defendants therefore is liable to Plaintiff for damages for fraud, as well as for punitive damages.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1. General damages to be determined, in a sum exceeding $75,000.00, exclusive of interest and costs;

2. Punitive damages in a sum to be determined by a jury, and as a percentage of the net worth of Defendant, in a sum sufficient to deter future misconduct, and not less than $1,000,000.00;

3. Costs of suit and interest;

1    4. Such other relief as is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

_____
**STEPHEN YAGMAN**